UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SCIENTIFIC BRIDGE, LLC,** | ) | CASE NO. 1:24-CV-1120 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **W & W TRUCKING, LLC,** *et al.*, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter is before the Court on the motion of Defendant Sunteck Transport Co., LLC ("Sunteck") for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c). (ECF #13.) Plaintiff Scientific Bridge, LLC ("Scientific") has responded in opposition (ECF #14) and Sunteck has replied in support. (ECF #15.)

    In its Amended Complaint, Scientific asserts claims against Sunteck for strict liability under the Carmack Amendment related to damage to a refurbished electron microscope that occurred during shipping from Scientific to Rice University in Houston, Texas and Breach of Contract for failing to provide proper insurance in the event of damage. (ECF #2-2.) Sunteck has moved for judgment on the pleadings, arguing that Scientific Bridge has failed to state any viable claims against it.

    Sunteck argues it is not subject to strict liability under the Carmack Amendment because it is not a carrier or freight forwarder, but a freight broker and the strict liability provisions of the Carmack Amendment do not apply to freight brokers. Sunteck additionally argues that the

1

Federal Aviation Administration Authorization Act of 1994 ("FAAAA") preempts Scientific Bridge's state law Breach of Contract claim or, alternatively, that Scientific has failed to allege sufficient facts to support its Breach of Contract claim.

Scientific opposes Sunteck's Motion, arguing it properly alleged Sunteck was a freight forwarder subject to the Carmack Amendment and that Sunteck assumed responsibility for transportation of the electron microscope from the place of receipt through its final destination. Scientific further argues that its Breach of Contract claim is not preempted by the FAAAA and that it set forth sufficient factual material to support its claim.

## BACKGROUND FACTS

This case was removed to this Court from Cuyahoga County, Ohio Common Pleas Court on July 1, 2024. (ECF #1.) In its Amended Complaint, Scientific alleges, in relevant part:

- Sunteck is a freight forwarder within the meaning of the Carmack Amendment. (ECF #2-2, ¶ 7.)

- Sunteck holds itself out to the general public as providing transportation of property for compensation; assembles and consolidates, or provides for assembling and consolidating shipments and performs or provides for break-bulk and distribution operations of the shipments. *Id.*

- Sunteck assumes responsibility for the transportation from the place of receipt to the place of destination. *Id.*

- In late June 2022, Scientific contacted Sunteck for the transportation of a refurbished electron microscope to Rice University in Houston, Texas. *Id.*, ¶¶ 8-10.

- Scientific provided Sunteck with information about the shipment so Sunteck could "obtain appropriate transportation and insurance. Sunteck represented that it did so." *Id.*, ¶ 10.

- Sunteck charged Scientific $3,849.80 for its services, including transportation by a carrier of Sunteck's choice and insurance. *Id.*, ¶ 11.

- W&W Trucking, LLC picked up the shipment and provided Scientific with a clean bill of lading. *Id.*, ¶ 13.

- The load was damaged in transit, requiring repair. *Id.*, ¶¶ 15-16.

- As directed by Sunteck, Scientific submitted an insurance claim, but the claim was rejected due to errors in the description of the load. *Id.*, ¶¶ 17-18 and Exhibits.

- Plaintiff has been damaged. *Id.*, ¶ 21.

On July 8, 2024, Sunteck filed its Answer to the Amended Complaint with Cross-Claim against W & W Trucking. (ECF #5.) Sunteck attached to its Answer three documents it relies on, in part, in support of its Motion for Judgment on the Pleadings. It attached: 1) a copy of its Department of Transportation registration web page listing Sunteck Transport Co., LLC as a "Broker" under "Entity Type," (ECF #5-1); 2) a copy of W & W Trucking LLC's Department of Transportation registration web page listing it as a "Carrier" under "Entity Type," (ECF #5-2); and 3) a copy of a Broker/Motor Carrier Agreement between MODE Global, LLC, for itself and on behalf of its affiliated companies and W & W Trucking. (ECF #5-3.) The Broker/Motor Carrier Agreement identifies Sunteck under an umbrella definition of MODE Transportation using the defined term "BROKER". Substantively, Sunteck specifically denies that it is a freight forwarder and generally denies the specific allegations of its conduct as a freight forwarder. (ECF #5, ¶ 7.)

## LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973)).

The same standard for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim applies to a Rule 12(c) motion for judgment on the pleadings. *See Roth v. Guzman,* 650 F.3d 603, 605 (6th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. Nat'l Collegiate Ath. Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Before the Court may consider the merits of Sunteck's Motion for Judgment on the Pleadings, the Court must determine what matters it may properly consider. Sunteck argues with case support that the Court may consider public records, items appearing in the record of the case, and exhibits attached to a motion to dismiss, provided they are referred to in the complaint and are central to the claims therein. (ECF #13.) Scientific, on the other hand, argues that it was not aware of the Broker/Motor Carrier Agreement between Sunteck and W & W Trucking, so it

4

could not be referenced in its Complaint, nor be central to its claims and thus, it is beyond the reach of the Court's consideration. *Id.* Further, it argues that as a matter of law Sunteck and W & W Trucking cannot control/determine their status at this stage of the proceedings. *Id.*

Federal Rule of Civil Procedure 7(a) defines a pleading to include both "a complaint" and "an answer to a complaint." Fed. R. Civ. P. 7(a)(1) & (2). And, under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). District courts have defined a written instrument as "a document evidencing legal rights or duties giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement." *Reguli v. Russ,* 2023 U.S. Dist. LEXIS 167257 at *13 (M.D. Tenn. Aug. 22, 2023) (quoting *Benzon v. Stanley*, 2004 U.S. Dist. LEXIS 2669 at *6 (M.D. Tenn. Jan. 8, 2004)). In addition to matters inside the pleadings, Sixth Circuit case law provides that a court may also consider documents that "[are] referred to in the [plaintiff's] complaint and [are] central to the plaintiff's claim." *Greenberg v. Life Ins. Co.,* 177 F.3d 507, 514 (6th Cir. 1999).

## DISCUSSION

As an initial matter, the documents attached to Sunteck's Answer are exhibits, thus "part of the [Answer] for all purposes." Fed. R. Civ. P. 10(c). The Broker/Motor Carrier Agreement is a written instrument—a contract—thus it can be considered at this stage of the proceedings. Further, the Court finds it may take notice of public documents, so it will also consider the Department of Transportation listings attached to Sunteck's Answer as well.

If the content of the attached documents "contradicts the allegations [in the Amended Complaint], the[n] the document trumps the allegations." *Waid v. Earley (In re Flint Water Cases),* 960 F.3d 303, 329 (6th Cir. 2020). A document contradicts an allegation if it "utterly discredit[s]" it. *Id.* (quoting *Cagayat v. United Collection Bureau, Inc.,* 952 F.3d 749, 755 (6th

5

Cir. 2020)). But if a document supports "both parties' version of events," then the Court must "view the facts in the light most favorable to the plaintiff." *Nolan v. Detroit Edison Co.,* 991 F.3d 697, 707-08 (6th Cir. 2021).

### A. Scientific has adequately plead that Sunteck is a freight forwarder and the exhibits attached to Sunteck's Answer do not utterly discredit the allegations of the Amended Complaint.

Scientific alleges that Sunteck is a freight forwarder within the meaning of the Carmack Amendment. (ECF #2-2, ¶ 7.) It further alleges Sunteck holds itself out the general public as providing transportation of property for compensation; it assembles and consolidates, or provides for assembling and consolidating shipments and performs or provides for break-bulk and distribution operations of the shipments. *Id.* It further alleges Sunteck assumes responsibility for the transportation from the place of receipt to the place of destination. *Id.* Freight forwarders are subject to strict liability for damages incurring during shipment under the Carmack Amendment. *See FNS, Inc. v. Bowerman Trucking. Inc.,* No. 09-cv-866, 2010 U.S. Dist. LEXIS 10918, at *6 (S.D. Cal. Feb. 9, 2010) (the Carmack Amendment imposes "strict liability for 'actual loss or injury to property'...[on only] two parties...: 'carriers' and freight forwarders.' The Carmack Amendment does not apply to parties who are neither carriers nor freight forwarders; for example, it does not apply to brokers.").

Sunteck argues it is not a freight forwarder but a freight broker, and brokers are not subject to strict liability under the Carmark Amendment. In support of its argument, Sunteck directs the Court to the exhibits attached to its Answer, which, it argues, establish as a matter of law that it is a broker. The Court finds Sunteck's exhibits are insufficient to establish at this stage of the proceeding that Sunteck is not a freight forwarder.

6

Sunteck's self-identification as a broker in a Broker/Motor Carrier Agreement with W & W Trucking and its listing as a broker on a Department of Transportation registration webpage is not dispositive of the question of whether it is a freight forwarder, generally, or specifically in relation to Scientific. "The carrier/broker inquiry is inherently fact-intensive." *Universal Med. Sys. v. C.H. Robinson Worldwide, Inc.,* No. 1:12 CV 126, 2013 U.S. Dist. LEXIS 194870, at *6 (N.D. Ohio Feb. 5, 2013) (citing *Nipponkoa Insurance Company, Ltd. v. C.H. Robinson Worldwide, Inc.,* No. 09 Civ. 2365, 2011 U.S. Dist. LEXIS 17752, at *14 (S.D. N.Y. Feb. 18, 2011). The fact that Sunteck is a licensed broker is not dispositive of its liability under the Carmack Amendment. *Nipponkoa*, 2011 U.S. Dist. LEXIS 17752 (S.D.N.Y. Feb. 18, 2011) (citing *Delta Research Corp. v. EMS, Inc.,* No. 04-60046, 2005 U.S. Dist. LEXIS 18353, at *14-15 (E.D. Mich. Aug. 29, 2005)). "The law determines status according to the services offered by an entity, rather than by its corporate character or declared purpose. . . . The Courts look at whether the party holds itself out to the public generally as the actual transporter of a good, . . . as well as the services provided under the contract." *Delta Research,* 2005 U.S. Dist. LEXIS 18353 at *15-16 (internal citations omitted). "Whether a company is a broker or a [freight forwarder] is not determined by what the company labels itself, but by how it represents itself to the world and its relationship to the shipper." *Hewlett-Packard Co. v. Brother's Trucking Enterprises, Inc.,* 373 F. Supp. 2d 1349, 1352 (S.D. Fla. 2005) (citing *Phoenix Assur. CO. V. Kmart Corp.*, 977 F. Supp. 319 (D. N.J. 1997); *Custom Cartage, Inc. v. Motorola, Inc.,* No. 98 C 5182, 1999 U.S. Dist. LEXIS 16462 (N.D. III. Oct. 15 1999)).

Here, Scientific specifically alleges that Sunteck holds itself out to the general public as providing transportation of property for compensation. It further alleges facts that match the definition of a freight forwarder under the Carmack Amendment. Sunteck's presentation of a

7

Department of Transportation registration and a specific contract where it holds itself out as a broker does not utterly discredit Scientific Bridge's allegations. As cited above, whether a company is a freight forwarder is determined by how it represents itself to the world and its relationship to the shipper. Further, the Court must look to the services provided under the contract. The relevant contract is the one between Scientific and Sunteck, not Sunteck and W & W Trucking. While Sunteck's Department of Transportation registration and contract with W & W Trucking might establish that it is a broker in some instances, at this stage of the proceedings it does not establish that it is not a freight forwarder or that its relationship to Scientific Bridge was not that of a freight forwarder. The two statuses are not mutually exclusive.

The Court finds that Plaintiff Scientific has sufficiently plead that Sunteck is a freight forwarder such that liability could attach under its Carmack Amendment claim.

**B. Scientific has sufficiently plead a breach of contract claim.**

Sunteck argues it should be awarded judgment on the pleadings on Scientific's Breach of Contract claim because it fails to assert sufficient material factual support. Specifically, Sunteck argues that the Amended Complaint fails to identify the existence of a contract between Sunteck and Scientific.

"Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V & M Star Steel v. Centimark Corp.,* 678 F.3d 459, 465 (6th Cir. 2012); see also *Lucarell v. Nationwide Mut. Ins.,* 97 N.E.3d 458, 469 (Ohio 2018). The Court finds that Scientific has sufficiently plead a claim for breach of contract.

The Amended Complaint includes allegations Scientific contacted Sunteck in June 2022 (ECF #2-2, ¶ 9), provided information to Sunteck for the transportation and insurance of goods

8

(ECF #2-2, ¶ 10), Sunteck agreed to provide for transportation and insurance, charging a flat fee of $3,849.80 (ECF #2-2, ¶ 11), after damage occurred to the goods during shipping all insurance claims were denied for failure to properly identify the goods (ECF #2-2, ¶ 17) and, finally, Scientific was damaged in the amount of $237,000 in replacement parts and $9,000 in time investment. (ECF #2-2, ¶ 21). These allegations are sufficient to plead a breach of contract claim.

Sunteck's argument that it secured insurance such that Scientific cannot demonstrate a breach of contract claim is inappropriate at this stage of the proceedings. While it appears from the attachments to the pleadings that some form of insurance was acquired, the Court finds that it is a fact issue whether insurance that is rejected and does not cover the alleged damages constitutes insurance as contemplated under the alleged contract. Evidence of non-covering insurance does not utterly discredit Scientific's allegation that it required proper insurance for its goods.

**C. Scientific's Breach of Contract claim is not preempted by the FAAAA.**

Sunteck argues that all of Scientific's state law claims against it are preempted by application of the Supremacy Clause of the U.S. Constitution and Congressional intent found in the Federal Aviation Administration Authorization Act ("FAAAA"). "The FAAAA was enacted to 'ensure that the States would not undo federal deregulation with regulation of their own.' It bars states from 'enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service' of any motor or air carrier." *Solo v. UPS Co.,* 819 F.3d 788, 797 (6th Cir. 2016) (citations omitted).

Courts have repeatedly found that due to preemption state law tort claims are barred by the FAAAA. *See Cerdant, Inc. v. DHL Express (USA), Inc.,* No. 2:08-cv-186, 2009 U.S. Dist.

9

LEXIS 26058, at *10-12 (S.D. Ohio Mar. 16, 2009) (collecting cases).  Accordingly, if Scientific's Carmack Amendment claim was based on state common law negligence rather than on its status as a freight forwarder, it might be preempted.  However, as decided previously, the Court has found that Scientific has adequately plead that Sunteck was a freight forwarder subject to strict liability under federal law.

Further, courts have found, and this Court agrees that the FAAAA does not preempt breach of contract claims.  The FAAAA preempts state-imposed obligations but does not preempt self-imposed obligations such as contract obligations.  *See Nature's One, Inc. v. Spring Hill Jersey Cheese, Inc.,* No. 2:15-cv-2820, 2017 U.S. Dist. LEXIS 160888, at *10 (S.D. Ohio Sep. 29, 2017) (citing *Cerdant, Inc. v. DHL Express (USA), Inc.,* No. 2:08-cv-186, 2009 U.S. Dist. LEXIS 26058, at *10 (S.D. Ohio Mar. 16, 2009)) ("The FAAAA does not preempt state-law breach of contract claims, but courts are "limited to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement.")

The specifics of the contract between Sunteck and Scientific will be determined at a later stage of this proceeding.  At this stage, however, Scientific alleges that the parties contracted for proper insurance to cover the transportation of the goods and that Sunteck breached that obligation.  The alleged obligation is not state-imposed and therefore, is not preempted by the FAAAA.

## CONCLUSION

The Court finds that the Amended Complaint contains sufficient factual matter to assert a claim against Sunteck for strict liability for damages occurred during shipping on the basis that Sunteck is a freight forwarder.  Additionally, Scientific argues that in the alternative Sunteck is liable for the damages on a breach of contract theory for acceptance of the self-imposed obligation to acquire proper insurance for transportation of the goods.  The Court finds

10

Scientific's Breach of Contract claim is sufficiently plead and is not preempted by the FAAAA. Accordingly, Sunteck's Motion for Judgment on the Pleadings is **DENIED.**

    IT IS SO ORDERED.

                                            /s  Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated: March 5, 2025